{¶ 1} This is an appeal from a default judgment granted appellee by the Fulton County Court of Common Pleas. For the reasons that follow, this court reverses the judgment of the trial court.
 {¶ 2} Appellant State Bank Trust[1] set forth the following assignments of error:
 {¶ 3} "Assignment of Error No. 1
 {¶ 4} "The trial court erred in granting default judgment when no service of the Amended Complaint was made on the appellant.
 {¶ 5} "Assignment of Error No. 2
 {¶ 6} "The trial court abused its discretion when it denied appellant's 60(B) motion.
 {¶ 7} "Assignment of Error No. 3
 {¶ 8} "The trial court abused its discretion in denying the appellant's Civ.R. 60(B) motion without first conducting an evidentiary hearing."
 {¶ 9} On November 19, 2001, appellee filed a complaint naming State Bank Trust, John Doe and Mary Doe as defendants. While the record indicates that State Bank Trust was served with a copy of the complaint, it also reveals that the bank failed to file an answer. On January 23, 2002, appellee filed a second amended complaint containing a second cause of action which was not part of the original complaint. There is no indication on the trial court's docket sheet or elsewhere in the record, however, that the bank was served with a summons and a copy of the amended complaint. On May 9, 2002, appellee filed a motion for default judgment on the basis that the bank was served with the complaint and summons on November 28, 2001, and had not yet filed an answer. Also on May 9, 2002, the trial court ordered that appellee be granted a default judgment against appellant State Bank Trust in the amount of $72,600. On May 14, 2002, State Bank Trust filed a motion for relief from judgment pursuant to Civ.R. 60(B), asking the trial court to set aside the default judgment because the bank had just discovered on May 13, 2001, that one of its former employees had failed to mail the answer to the first complaint which had been prepared for filing in December 2001. On June 25, 2002, the trial court filed another judgment entry ratifying and confirming the default judgment in the amount of $72,600. It is from that judgment that State Bank Trust filed a timely appeal.
 {¶ 10} In its first assignment of error, State Bank Trust asserts that the trial court erred in granting default judgment because appellee never served the bank with the summons and amended complaint, which asserted a new cause of action against the bank and increased the amount of damages asked for from $45,000 to $90,000. Appellant further argues that it had no duty to answer, and therefore was not in default, because it was not properly served with the amended complaint.
 {¶ 11} In its June 25, 2002 judgment entry, the trial court inferred that appellant "dropped the ball." The trial court appears to have focused on appellant's claim that the original answer had been prepared but was not filed due to neglect on the part of someone in appellant's office. While the trial court noted that appellant "received a timely copy of the complaint," it appears that the court was referring to the original complaint, because it made no reference to the apparent failure of service upon appellant of the amended complaint. As we noted above, however, there is no indication in the record that appellant was served with the amended complaint. It is not disputed that appellant received a copy of the original complaint and failed to timely answer. Appellee, however, then filed an amended complaint which contained a second cause of action and asked for an amount of damages twice that requested in the original complaint. Appellant had no duty to answer a complaint which it had not received, but default judgment was granted despite the lack of service. Based on the foregoing facts, we find that the trial court erred by granting default judgment against appellant State Bank Trust. Accordingly, appellant's first assignment of error is found well-taken. Further, based upon our finding as to Assignment of Error No. 1, we find appellant's second and third assignments of error as to the denial of its Civ.R. 60(B) motion to be moot.
 {¶ 12} Upon consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Fulton County Court of Common Pleas is reversed and remanded to the trial court for further proceedings consistent with this decision and judgment entry. Costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and Arlene Singer, J. CONCUR.
[1] A notice of appeal was filed by State Bank Trust only.